JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dennis McCandless

**(b)** County of Residence of First Listed Plaintiff Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel I. Reich, Esquire/Griffin Remick, Esquire
LBDRR, 1100 Ludlow Street, Ste. 300, Phila. PA 19107

## DEFENDANTS

United States of America

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC 1346(b)(2) and 2671-2860

Brief description of cause:
trip and fall on government owned and controlled property

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
August 18, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia Navy Yard

***RELATED CASE IF ANY:*** Case Number: __________ Judge: __________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*: __________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*): __________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* __________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS MCCANDLESS<br>1323 Spiess Lane<br>Warminster, PA 18974 | : | CIVIL ACTION |
| | : | NO: |
| v. | : | |
| UNITED STATES OF AMERICA<br>c/o United States Attorney's Office<br>615 Chestnut Street, 12th Floor<br>Philadelphia, PA 19106<br>and Attorney General of the United States<br>Department of Justice<br>10th Street and Constitution Avenue, N.W.<br>Washington, District of Columbia 20530 | : | |

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, DENNIS MCCANDLESS, for his Complaint against Defendant, United States of America, avers as follows:

**I. PARTIES**

1. Plaintiff, DENNIS MCCANDLESS, is an adult individual and citizen of the Commonwealth of Pennsylvania and resides therein at 1323 Spiess Lane, Warminster, Pennsylvania 18974.

2. Defendant, UNITED STATES OF AMERICA, has an office for service located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106 and may be served pursuant to F.R.C.P. 4(i)(1) by delivering a copy of the Summons and Complaint to an Assistant United States Attorney or designated clerical employee at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106 and by mailing a copy by registered or certified mail to the Attorney General of the UNITED STATES OF AMERICA, Department of Justice, 10th Street and Constitution Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. Defendant, UNITED STATES OF AMERICA, at all times relevant hereto, had within its domain, custody, and control a federal agency, the Department of the Navy, and all of its agents, servants, workers, employees, and/or other representatives, when acting within the scope of their employment.

## II. JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

4. This Court has subject-matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671-2680. Plaintiff seeks damages for personal injuries caused by the negligent or wrongful acts or omissions of employees of the United States, acting within the scope of their federal employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff under the law of the Commonwealth of Pennsylvania.

5. Venue is proper in the United District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Philadelphia, Pennsylvania, within this District. Venue is also proper because Plaintiff resides in this District.

6. On or about September 18, 2025, Plaintiff timely submitted his written administrative tort claim, including a claim for a sum certain, to the Department of the Navy concerning the incident and injuries alleged herein.

7. On June 16, 2026, the Department of the Navy issued a written final denial of Plaintiff's administrative tort claim. (See **Exhibit 1** - Certified Letter from Maria B. Grise, Esquire, Tort Claims Attorney).

8. Plaintiff has exhausted his administrative remedies under 28 U.S.C. § 2675(a).

9. The instant action is being filed within six (6) months of the receipt of the denial of Plaintiff's claims, as required by 28 U.S.C. §2401(b).

## III. STATEMENT OF FACTS

10. At all times relevant hereto, Defendant had under its care, direction, supervision and/or ownership and/or control the property at the Philadelphia Navy Yard, Building 756, Philadelphia, Pennsylvania.

11. Defendant was responsible for the proper and safe maintenance of the walking surfaces that are used by business invitees on its property.

12. On September 4, 2024, Plaintiff Dennis McCandless, a civilian electronics engineering technician employed by Noblis MDS and assigned to NAVSEA projects at the Philadelphia Navy Yard, was directed by Richard Hill, a Navy employee responsible for supervising or directing Plaintiff's work at the facility, to accompany him from the office area to the machine/receiving shop located in Building 756.

13. Mr. McCandless had begun employment on July 1, 2024, and had not previously been introduced to or oriented in that section of the facility.

14. While following Mr. Hill at a moderate walking pace, Mr. McCandless traversed a painted gray concrete floor marked with yellow material-handling lanes. As he walked, he disposed of a small piece of paper in a trash can located along the path. Within moments, and without warning, he encountered an abrupt elevation change (a step/curb condition) that was unmarked, unguarded, and not visually conspicuous. There were no chains, posts, warning stripes, signage, or tactile cues to alert pedestrians of the drop. The condition created the appearance of a continuous flat walkway.

15. The United States, through its employees, created the condition, had actual notice of the condition, and/or had constructive notice of the condition because it existed for a sufficient period of time that the United States should have discovered and corrected it through the exercise of reasonable care.

16. The dangerous condition was not known to Plaintiff, was not readily observable by Plaintiff in the exercise of ordinary care, and was located along the route selected and used by the federal employee directing Plaintiff through the facility.



*The safety chains and posts were not present at time of incident and were installed after the incident.*

17. As a direct result of the dangerous condition, Mr. McCandless fell violently forward, striking his chest and face on the concrete floor. He experienced excruciating pain in his thoracic spine and difficulty breathing. Emergency medical services were contacted, and he was transported by ambulance to Thomas Jefferson University Hospital, where imaging confirmed a thoracic spine fracture. He subsequently underwent spinal fusion surgery from T8-T12 with hardware fixation.

**COUNT I: NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT**
*Plaintiff, Dennis McCandless v. Defendant, United States of America*

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as if set forth fully hereinafter.

19. Under Pennsylvania law, a private person possessing, operating, maintaining, and controlling premises under like circumstances would owe Plaintiff a duty to exercise reasonable care in maintaining the premises and designated walking routes in a reasonably safe condition, inspecting for dangerous conditions, correcting dangerous conditions, and providing adequate warnings of conditions that could not be timely corrected.

20. Defendant, the United States of America, acting through its federal employees within the scope of their employment, breached the duties owed to Plaintiff and was negligent in one or more of the following respects:

(a) Allowing a dangerous and defective condition to exist on its property, which was specifically designated for pedestrians and/or invitees to traverse on the premises;

(b) Failing to abate the dangerous condition on the property which Defendant knew or should have known upon a reasonable inspection;

(c) Failing to provide and maintain a safe route of travel for Plaintiff;

(d) Failing to warn Plaintiff of the existence of said dangerous condition of which defendants knew or should have known;

(e) Failing to properly treat and/or abate the hazardous condition present on its property prior to Plaintiff's accident;

(f) Failing to eliminate the hazardous condition prior to Plaintiff's accident;

(g) Failing to guard against and warn of the hazardous condition prior to the Plaintiff's accident;

(h) Violating OSHA walking-working surface standards, 29 CFR 1910.22; and

(i) Violating ASTM F1637 walkway standards, and building code requirements for elevation changes.

(j) Failing to install or maintain guards, safety chains, posts, railings, contrasting markings, signs, tactile cues, or other appropriate warnings at the elevation change;

(k) Directing and leading Plaintiff through an unfamiliar area containing a concealed elevation change without warning or orientation;

(l) Failing to train, instruct, and/or require personnel responsible for escorting workers and visitors through Building 756 to identify and warn of the elevation change

(m) Creating, permitting, and/or allowing a dangerous and defective elevation change to exist along a pedestrian route;

(n) Failing to exercise the degree of care that a reasonably prudent possessor and operator of premises would exercise under the same or similar circumstances.

21. As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained injuries that are serious, severe, disabling and permanent, the full extent of which are presently unknown, including but not limited to: thoracic spine fracture at T11, requiring emergent surgical stabilization; spinal fusion with hardware fixation from T8 through T12, permanently altering spinal mechanics; right hemothorax secondary to chest trauma from the fall; prolonged hospitalization, acute rehabilitation, and ongoing outpatient care, with permanent restrictions on lifting, bending, twisting, and other basic movements.

22. As a direct and proximate result of the conduct of the Defendant named herein, Plaintiff has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of

medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure his condition.

23. As a direct and proximate result of the conduct of the Defendant named herein, Plaintiff has in the past, and continues to suffer aches and pains, scarring, disfigurement, loss of independence, mental and emotional anguish, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

24. As a direct and proximate result of the conduct of the Defendant named herein, Plaintiff has and may continue to be disabled and/or limited from performing his usual duties, occupations, and avocations, all to his loss and detriment.

25. Plaintiff has sustained and may continue to sustain lost wages, lost earning capacity, and impairment of his ability to perform his usual occupational and household duties.

## PRAYER FOR RELIEF

26. Plaintiff repeats the allegations of paragraphs 1 through 25 of this Complaint as if set forth herein at length.

WHEREFORE, Plaintiff, DENNIS MCCANDLESS, respectfully requests that the Court enter judgment in his favor and against Defendant, UNITED STATES OF AMERICA, awarding compensatory damages in an amount to be determined at trial, subject to 28 U.S.C. § 2675(b), together with taxable costs and such other relief as the Court deems just and proper.

Respectfully submitted,

**LAFFEY BUCCI D'ANDREA REICH & RYAN**

Samuel I. Reich, Esq. (ID 315708)
Griffin Remick, Esq. (ID 330652)
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 525-9552
sreich@laffeybucci.com
gremick@laffeybucci.com

# EXHIBIT 1

**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT
9324 VIRGINIA AVENUE SUITE 104
NORFOLK VA 23511-2949

5890
Ser J260084
June 16, 2026

**CERTIFIED MAIL**

SAMUEL I REICH ESQ
LAFFEY BUCCI D'ANDREA REICH & RYAN LLP
1100 LUDLOW ST 3RD FLOOR SUITE 300
PHILADELPHIA PA 19107

Dear Mr. Reich:

SUBJECT: YOUR CLAIM OF DENNIS MICHAEL MCCANDLESS;
OUR FILE NO. J260084

This responds to an administrative claim you filed on behalf of your client Dennis Michael McCandless, an at-will contract employee of Noblis MSD, LLC, in the amount of $10,000,000.00 for personal injuries allegedly arising from his fall in the Building 77H[1] onboard Philadelphia Navy Yard in Philadelphia, PA on September 4, 2024. Specifically, you alleged that an abrupt drop in elevation (a step/curb condition) that was unmarked, unguarded and not visually conspicuous has caused his fall incident, and that this hazard was foreseeable, preventable and attributable to federal government entities responsible for the premises.

Your claim was analyzed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Our investigation has determined the United States is not liable under the FTCA for the injuries claimed.

The United States can be liable under the FTCA when the negligence or wrongful act of a federal employee acting within the course and in scope of one's federal employment proximately causes injuries. The investigative findings affirmatively prove that the injuries alleged did not result from any negligent act or omission on the part of an employee of the United States.

In addition to and aside from the investigative findings, Stephen S. Cairone, D.O., orthopaedic surgeon, in his March 13, 2025 IME report stated that on September 4, 2024 Mr. McCandless, who worked as an Engineering Tech for the Navy, was "working at the naval yard and was walking inside a building and there was an **area that was painted yellow**, which indicated a curve and there was a change in elevation of about 8 inches. **Unfortunately, he did not see this**. He stepped, and as he described it, he kind of stepped into air and immediately fell

---

1 Note that even though the building is referred to as 77H, it is actually Building 756 (the "shop area"), which is connected to 77H. The connected buildings are commonly referred to as 77H.

forward…" (emphasis added). Multiple documents that you submitted (EXCELSIA Injury Care Consultation Note of 4/28/2025 and Narrative Report of 1/28/2026, DMK Medical Legal Consulting of 3/19/2026, etc.) describing this work-related incident on 9/04/24, unequivocally state he did not see a change in elevation.

Further, based on your May 19, 2026 supplemental responses and the documentation submitted, it is undisputed that Mr. McCandless fell during his at-will contract employment as an engineering electrician. He was employed on July 1, 2024 as an Engineering Services Agent, LBES-Machinery Controls, CB2 with Noblis MSD, LLC, a prime contractor of the Federal Government (Naval Surface Warfare Center Philadelphia Division, NSWCPD). The Task Order does not create employment rights with the U.S. Government, whether actual, inherent, or implied. The Task Order does not create an employer-employee relationship, i.e. no Government Contractor relationship exists between the Government and the Contractor's personnel under this Task Order, which is contractually recognized and agreed to by the parties. Accordingly, entitlements and benefits applicable to such relationship do not apply.

**Accordingly, your client's claim is denied.**

If you do not agree with this decision denying this claim under the FTCA, be advised you have 6 (six) months from the date of mailing of this letter to file suit in the appropriate United States District Court that has jurisdiction over this matter.

Prior to the commencement of suit and prior to the expiration of the six-month period for filing suit, a claimant may present, in writing, a request for reconsideration to the authority that denied the claim (*see* 32 C.F.R. 750.31). Any request for reconsideration in this matter should set forth the claimant's reasons for the request and include any supplemental supporting evidence, information, or argument a claimant wishes to have considered.

The presentment of a proper request for reconsideration will be acknowledged in writing by this office and will start a new 6-month period for the U.S. Department of the Navy to act on the request. Any request for reconsideration that reasonably appears to be presented solely for the purpose of extending the statutory period for filing suit will not be considered a proper request for reconsideration and will not serve to extend the original six-month deadline for filing suit.

If you have any questions, please contact me by phone at (757) 341-0265 or e-mail at maria.grise@navy.mil.

Sincerely,

*Maria B. Grise*

Maria B. Grise
Tort Claims Attorney